UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Daniel Leroy Patten,
a/k/a Donald Patterson,
a/k/a Boris Eichmann,

      Plaintiff,

  vs.

Sarah E. Herrick,
in her private capacity, and
in her official capacity as
MSOP-DOC Site, Psychology
Supervisor/Program Lead,

      Defendant.      Civ. No. 07-1476 (PAM/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Motion for a Voluntary Dismissal. For

these purposes, the Plaintiff appears pro se, and the Defendants appear by Barbara E. Berg Windels, Assistant Minnesota Attorney General.

For reasons which follow, we recommend that the Plaintiff's Motion for a Voluntary Dismissal be denied.

## II. Factual and Procedural Background

The Plaintiff is a State prisoner and, at all times relevant to his claims, he was incarcerated at the Minnesota Correctional Facility, in Moose Lake, Minnesota ("MCF-Moose Lake"). MCF-Moose Lake provides a sex offender program (the "Program"), and contracts with the Minnesota Department of Human Services ("DHS"), for employees to provide professional sex offender treatment services to inmates in the Program. The Plaintiff commenced this action under Title 42 U.S.C. §1983, as he contends that the Defendant caused him to be wrongfully discharged from the Program, and transferred out of Carlton County, in violation of the First, Fifth, and Fourteenth Amendments of the United States Constitution, and he also asserts numerous causes of action based upon the Minnesota Patients' Bill of Rights. The Defendant is sued in her individual capacity, and in her official capacity as the Director of the Program, and she is alleged to have been employed by the State of Minnesota.

Specifically, in his Amended Complaint, the Plaintiff alleges that, after he filed several administrative grievances, which accused two (2) Program staff members of engaging in sexual contact with him, the Defendant attempted to force him to submit to interrogations about unsolved crimes, in violation of his rights under the Fifth Amendment and, when he refused, she improperly retaliated against him by removing him from the Program, in violation of his rights under the First and Fourteenth Amendments. See, Amended Complaint, Docket No. 9, at ¶¶19, 22-33. The Plaintiff also alleges that, after his discharge from the Program, the Defendant caused him to be moved out of Carlton County so as to prevent him from filing criminal charges against those staff members, which further violated his rights under the First Amendment, and denied him access to the Courts. Id. at ¶¶34-39. Finally, the Plaintiff claims that the Defendant violated his Fourteenth Amendment right to equal protection, by treating him differently than another offender who participated in the Program, but who was not required to incriminate himself. Id. at ¶¶40-48. As a consequence of the alleged conduct, the Plaintiff is seeking declaratory and injunctive relief, as well as compensatory and punitive damages. Id. at ¶¶49-52.

The Defendant has filed a Motion for Summary Judgment. See, Docket No. 33. The Plaintiff did not initially respond to the substantive arguments advanced by the

Defendant in her Motion. Instead, the Plaintiff filed a Motion to voluntarily dismiss the Complaint, but without prejudice. See, <u>Docket No. 40</u>. On December 31, 2007, the Defendant filed a Memorandum in opposition to the Plaintiff's Motion. See, <u>Docket No. 66</u>.

### III.  <u>Discussion</u>

A.  <u>The Plaintiff's Motion for Voluntary Dismissal</u>. As our Court of Appeals has explained:

> A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court. See, e.g., Bodecker v. Local Union No. P-46, 640 F.2d 182, 186 n. 5 (8th Cir. 1981). In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss, see, e.g., Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir. 1987); whether a dismissal would result in a waste of judicial time and effort, see, e.g., Tikkanen v. Citibank (South Dakota) N.A., 801 F. Supp. 270, 273-74 (D. Minn. 1992); and whether a dismissal will prejudice the defendants, see, e.g., Metropolitan Federal Bank of Iowa, F.S.B. v. W.R. Grace & Co., 999 F.2d 1257, 1262 (8th Cir. 1993). Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum. See, e.g., Holmgren v. Massey-Ferguson, Inc., 516 F.2d 856, 857 n. 1 (8th Cir. 1975); International Shoe Co. v. Cool, 154 F.2d 778, 780 (8th Cir.), cert. denied, 329 U.S. 726, 67 S.Ct. 76, 91 L.Ed. 628 (1946).

<u>Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.</u>, 187 F.3d 941, 950 (8th Cir. 1999).

Here, the Plaintiff explains his request for a dismissal, without prejudice, by stating that he has been adequately compensated for his claims.

The Defendant has filed an objection to the Plaintiff's Motion, and argues that a dismissal of the Complaint, without prejudice, would improperly allow the Plaintiff to avoid the possibility of an adverse judgment arising out of the Defendant's pending Motion for Summary Judgment, and would waste the resources of the parties, and of the Court, by permitting the Plaintiff to recommence the litigation at a later date. Following the filing of his Motion, the Plaintiff subsequently filed a letter to the Court, see, Docket No. 52, as well as several Affidavits, see, Docket Nos. 53-57, in which he directly opposes the Plaintiff's Motion for Summary Judgment, and suggests that his attempt to secure a settlement with the Defendant, which was the basis for his Motion for a Voluntary Dismissal, has ended in failure. The Defendant affirms that settlement negotiations between the parties have failed. See, Defendant's Memorandum, supra at p. 4.

Allowing the Plaintiff to voluntarily dismiss his Complaint, without prejudice, does not appear to be in the best interest of either party in this case. The Defendant would be subject to prejudice, as her Motion for Summary Judgment is already pending in this matter and, given the Plaintiff's most recent submissions, he has not

received the benefit of the financial settlement which, assertedly, had initially motivated him to file his Motion to voluntarily dismiss.  Therefore, we recommend that the Plaintiff's Motion for a Voluntary Dismissal be denied.

To facilitate the disposition of this action, and in accordance with L.R.7.1(b)(1), Local Rules for the United States District Court for the District of Minnesota, we further recommend that the attached briefing schedule be implemented.

NOW, THEREFORE, It is –

RECOMMENDED:

1.	That the Plaintiff's Motion for a Voluntary Dismissal [Docket No. 40] be denied.

2.	That all Memoranda in opposition to the Defendant's Motion for Summary Judgment, together with any Affidavits and Exhibits, shall be served and filed **by no later than January 24, 2008**.

3.	That all Reply Memoranda shall be served and filed **by no later than January 31, 2008**.  The parties are reminded that all other evidentiary submissions, may not be served in conjunction with a Reply Memorandum, unless express leave has

been obtained, in advance, from the Court.  See, <u>L.R.7.1(b)(1)(C), Local Rules for the United States District Court for the District of Minnesota</u>.

3.   That there shall be no Hearing on the Motion presented by the parties, unless the Court determines that oral argument is essential to secure the just, speedy, and inexpensive determination of this action.  See, <u>Rule 1, Federal Rules of Civil Procedure</u>.

Dated:  January 11, 2008        *s/Raymond L. Erickson*
                                                    Raymond L. Erickson
                                                    CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than January 29, 2008**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than January 29, 2008**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.